UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| WAYNE ANTHONY RAY, | ) |
| Petitioner, | ) Civil Action No. 3:19-CV-724-CHB |
| v. | ) **MEMORANDUM OPINION** |
| AARON B. SMITH, | ) |
| Respondent. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

Before the Court is the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by *pro se* Petitioner Wayne Anthony Ray. The petition indicates that the conviction or sentence that Petitioner is challenging is dated September 27, 1974. For Ground One, the petition states only: "Affirming – opinion ordered not to be published;" and for Supporting Facts, it states only: "Freed from confinement, illegal custody." For Grounds Two through Four Petitioner states only, "Affirmed," or he leaves that space blank. In the supporting facts section for grounds two through four, he states: "Opinion ordered not to be published!"

Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts[1] provides in pertinent part that a petition must "(1) specify all the grounds for relief available to the petitioner; (2) state the facts supporting each ground; [and] (3) state the relief requested." Petitioner's petition does none of these. Therefore, this Court is faced with reviewing a petition in which absolutely no claim is raised.

---

[1] The Rules Governing Section 2254 Cases in the United States District Courts are "made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules." *Allah v. State of New Jersey*, No. CV 16-1045 (FLW), 2016 WL 3513396, at \*1 (D.N.J. June 27, 2016).

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." A claim that is not alleged in a habeas petition with sufficient specificity to permit an evaluation of its merits will be dismissed. *Blackledge v. Allison*, 431 U.S. 63, 75-76 (1977); *McConnell v. United States*, 162 F.3d 1162 (6th Cir. 1998); *Short v. United States*, 504 F.2d 63, 65 (6th Cir. 1974) (per curiam). Here, a complete lack of any claim requires this petition to be dismissed. Accordingly, by separate order, this Court will dismiss the petition in this case without prejudice.

## CERTIFICATE OF APPEALABILITY

Before this Court's decision may be appealed, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). To satisfy this standard, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack*, 529 U.S. at 484. In the present case, reasonable jurists would not find the denial of relief on petitioner's claims to be debatable or wrong. Thus, no certificate of appealability is warranted in this case.

This the 21st day of February, 2020.

CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals,
 1024 Capital Center Drive, Frankfort, KY 40601
A958.009

2